Pennington, J.
— The jury in this case, having found for the demandant, and omitting to assess the damages, a motion is made on the return of the postea, for a writ of inquiry to assess the damages. This motion is objected to, on the ground, that the jury who tried the cause, ought to have assessed the damages, and that a writ of inquiry cannot go in this case, it being a mere inquest of oflice, on which no attaint lies. The rule of law on this subject, appears to me to be, that where the jury who try the cause, omit to assess the damages, in case the matter omitted to be enquired by the jury is such as goes to the. very point of the issue, and constitutes the gist of the action, as in assumpsit and trespass — and upon which, if a false verdict be found by the jury, an attaint will He against them; there, such matter cannot be supplied by a writ of inquiry; for there, the party injured, may loose his action of attaint, [*] which will not lie upon an inquest of office. But where the matter omitted to be inquired of by the principal jury, doth not go to the point in issue, nor constitute the gist of the action, but is collateral, there, such matter may be supplied by a writ of inquiry. I take the latter, to be the case under consideration; the issues tried by the principal jury, were the marriage of the demandant, and the seisen of the husband; the damages were not the point in issue, nor did it constitute the gist of action. The demandant may have judgment for a third part of the land, without damages, which shows, that the damages was not the point at issue, but arise collaterally, and therefore, proper to be supplied by a writ of inquiry. Whether Sayer on damages, cited by the council for the plaintiff, he a book of authority or not, I will not undertake to determine : it appears to me to be an essay of considerable merit, and his opinion on this point, page 126, to correspond with analogous cases to be found in the books on this subject, and to be within the reason and principle of the law. — Besides which, the punishment by attaint has become obsolete, *98 and the remedy in case of a false verdict, is now by way of new trial; a writ of inquiry, as I apprehend, may be set aside for the same cause. At common law, where the reason of the law ceases, the law also ceases. But if the doctrine and practice of attaint were in full vigour, I apprehend a writ of inquiry in this case might issue. It is true, that the jury who tried the cause, might have assessed the damages, and in all ordinary cases, it is the most convenient and less expensive manner of doing it, and therefore to be recommended ; but in case they omit to do it, a writ of inquiry is the most safe and convenient mode; a venire de novo would put in hazard, an important right already found. I am, for these i'easons of opinion, that a writ of inquiry be awarded.
Be the Court. — Let a writ of inquiry issue.
Leake, Sergeant, then moved that the writ of inquiry be executed in the presence of one of the justices of this Court; but the Court considering it a plain matter of inquiry, refused the motion.